IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:  JAMES EDWARD TOMASSINI and                         Case No. 4:18-bk-12259-T
        MICHELLE SUSANNE TOMASSINI, Debtors                        Chapter 7

**MOTION TO DISMISS THE CASE AND**
**OBJECTION TO REQUEST FOR WAIVER**

The United States Trustee ("UST") for Region 13, through the undersigned counsel, moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(a).  In support of this motion, the UST respectfully states that:

1.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a), and Local Rule 83.1 of the District Court.

2.    This case was commenced on April 23, 2018, by the filing of a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

3.    On April 23, 2017, the Debtors filed a petition which requested a waiver of the requirement of pre-petition budget and credit counseling.

4.    Pursuant to 11 U.S.C. § 109(h), an individual may not be a debtor unless during the 180-day period preceding the filing of the petition the debtor received from an approved nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted the individual in performing a related budget analysis.

5.    Pursuant to 11 U.S.C. § 521(b)(1), a debtor shall file with the Court a credit counseling certificate from the approved agency that provided the briefing and related budget analysis required pursuant to § 109(h).  Pursuant to Interim Bankruptcy Rule 1007(b)(3) and (c), a debtor must file with a voluntary petition either the Certificate of Credit Counseling; a "certification" under 11 U.S.C. §109(h)(3); or a request for a determination by the Court under 11

1

U.S.C. §109(h)(4) requesting a waiver of the credit counseling requirement due to incapacity, disability or military service in a combat zone.

6.  A request for a deferral of the credit counseling requirements pursuant to §109(h)(3) must be signed by the debtor personally and in a form consistent with 28 U.S.C. § 1746, such that the debtor declares under penalty of perjury that the statements made are true and correct. See, *In Re Rodriguez*, 336 B.R. 462, 470 (Bankr. D. Id. 2005); also see, *In Re Cobb*, 343 B.R. 204 (Bankr. E.D. Ark. 2006).

7.  Pursuant to §109(h)(3), the Debtors' certification must describe exigent circumstances that merit a waiver of the credit counseling requirements; state that the Debtors requested credit counseling services from an approved agency, but were unable to obtain the services during the 5-day period beginning on the date on which the Debtors made the request; and is satisfactory to the Court.

8.  The Debtors' certification of exigent circumstances should contain a description of the facts underlying any alleged exigent circumstances; the name of the credit counseling agencies that were contacted; the date the request for counseling was made; an explanation why the debtor believed that the services could not be obtained before the filing; and a date when the services are reasonably likely to be obtained. *See In Re Afolabi,* 343 B.R. 195 (Bankr. S.D. Ind. , 2006); *In Re Dansby*, 340 B.R. 564 (Bankr. D.S.C. 2006).

9.  The exigent circumstances exception to the credit counseling requirement has three statutory requirements. All three requirements must be met to warrant a deferral of the credit counseling requirement pursuant to §109(h)(3). See, *In Re Dixon*, 338 B.R. 383, (8th Cir. BAP 2006).

10. The Debtors in this case have not complied with the statutory requirements of §109(h)(3) and are not eligible for a deferral of the pre-filing credit counseling requirement of §109(h)(1).

11. The Debtors' failure to obtain pre-petition credit counseling and failure to certify factors that would merit a deferral of the credit counseling requirements means that the Debtors are not eligible to be debtors under the Bankruptcy Code. See, *In Re Dixon*, 338 B.R. 383, (8th Cir. BAP 2006).

12. For the reasons stated above, cause exists pursuant to 11 U.S.C. § 707(a) for dismissal of the Debtors' bankruptcy case.

WHEREFORE, the United States Trustee prays that the Debtors' request for waiver of the credit counseling requirements be denied; that this case be dismissed; and for all further and just relief to which they may be entitled.

        DANIEL J. CASAMATTA
        ACTING UNITED STATES TRUSTEE

        CHARLES W. TUCKER
        ASSISTANT UNITED STATES TRUSTEE

        /s/ Joseph A. DiPietro
        JOSEPH A. DIPIETRO, Bar No. 98004
        Trial Attorney
        200 West Capitol, Suite 1200
        Little Rock, AR 72201
        PH: (501) 324-7357
        FAX: (501) 324-7388

## CERTIFICATE OF SERVICE

      I certify that I have mailed a copy of the foregoing pleading to the following attorneys and parties of interest by ordinary mail with sufficient postage thereon or by electronic mail on this 30th day of April, 2018.

James E. Tomassini
Michelle S. Tomassini
*Pro Se* Debtors
2109 Cliffwood Road
Little Rock, AR 72206

Frederick S. Wetzel
Chapter 7 Trustee
200 North State St., Ste. 200
Little Rock, AR 72201-1399

                                                  /s/ Joseph A. DiPietro
                                                  JOSEPH A. DiPIETRO